UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-3067

Cindy Lou Ruprecht

        Plaintiff,

v.

Nancy Hove, et al.

        Defendants.

      Cindy Lou Ruprecht, W3104 190th Avenue, Maiden Rock, WI 54750, plaintiff pro se.

      Francis M. Doherty, Esq. and Hale Skemp Hanson Skemp & Sleik, 505 King, Suite 300, La Crosse, WI 54601, counsel for defendants.

This matter is before the court upon plaintiff Cindy Lou Ruprecht's pro se motion for a preliminary injunction and Individual Defendants'[1] motion to dismiss.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the preliminary injunction and grants the motion to dismiss.

---

    [1] Defendants are Pierce County, Wisconsin Deputies, "excluding Jeremy, Allie, Chandler, and Brad"; Sheriff Nancy Hove; Judge Joseph Boles; Commissioner Jorv Garvic; Peg Freuerhelm; Assistant District Attorney Rory O'Sullivan; Lars Loberg; Julie Weber; and Jenelle Wolf.  It is unclear whether Ruprecht is suing defendants in their official or individual capacities.

**Background**

On September 14, 2016, Ruprecht filed a complaint and a motion for a preliminary injunction against defendants. See ECF Nos. 1, 3. Much of Ruprecht's complaint is difficult to decipher, but she essentially alleges that defendants threatened, intimated, stalked, and harassed her; profiled her based on her manner of dress; and patrolled her house without a warrant. Compl. ¶ 11. She further alleges that on January 8, 2016, a deputy broke into her house, removed her from the house by force, battered her, and placed her under arrest without a warrant. Id. ¶ 12. She accuses defendants of extortion, cruel and unusual punishment, denial of due process, and claims that she has sustained injury in the form of "Legal Abuse Syndrome." Compl. ¶¶ 13-20. Defendants now move to dismiss the complaint. See ECF No. 9.

**ANALYSIS**

To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff need only "make a prima facie showing of jurisdiction." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted). In deciding whether the plaintiff has met her burden, the court "must view the evidence in the light most favorable to the

plaintiff and resolve all factual conflicts in the plaintiff's favor." Digi-Tel Holdings, Inc. v. Proteq Telecomms., Ltd., 89 F.3d 519, 522 (8th Cir. 1996) (citation omitted).

To satisfy due process, a defendant who is a nonresident of the forum state must have "sufficient minimum contacts" with the forum such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted). "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there ...." Coen v. Coen, 509 F.3d 900, 906 (8th Cir. 2007) (citation and internal quotation marks omitted). To that end, there must be "some act by which the defendant purposefully avails [herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985) (citation and internal quotation marks omitted).

Here, there are absolutely no contacts with Minnesota that would provide the court personal jurisdiction over defendants. The complaint states that defendants reside and work in Wisconsin, and it appears that all of the alleged events took

place in Wisconsin. See Compl. at 6; ¶¶ 12-20. Because defendants do not have sufficient contacts with Minnesota, the court must dismiss the complaint for lack of personal jurisdiction.[2] The court, therefore, must also deny the motion for a preliminary injunction.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for a preliminary injunction [ECF No. 3] is denied;

2. Defendants' motion to dismiss [ECF No. 9] is granted; and

3. The complaint [ECF No. 1] is dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY**


Dated: October 3, 2016

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court

---

[2] The court does not address defendants' other grounds for dismissal: lack of subject matter jurisdiction, improper venue, insufficient process and service of process, and failure to state a claim.